**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| LISA AGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-4143-SRB |
| | ) | |
| CHEDDAR'S CASUAL CAFÉ, INC. d/b/a | ) | |
| CHEDDAR'S CASUAL CAFÉ and/or d/b/a | ) | |
| CHEDDAR'S SCRATCH KITCHEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Chief United States Magistrate Judge Willie J. Epps's Report and Recommendation (Doc. #10) to grant the parties' Joint Motion to Remand (Doc. #9). The parties' motion to remand was filed jointly.

After an independent and careful review of the record and applicable law, the Court ADOPTS Judge Epps's Report and Recommendation (Doc. #10). It is ORDERED that the parties' Motion to Remand (Doc. #9) is GRANTED. It is further ORDERED that the Report and Recommendation be attached to and made a part of this Order.

The case is hereby remanded to the Circuit Court of Boone County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Boone County, Missouri, as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT JUDGE

Dated: <u>July 9, 2026</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| LISA AGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-CV-04143-WJE |
| | ) | |
| CHEDDAR'S CASUAL CAFÉ, INC. d/b/a | ) | |
| CHEDDAR'S CASUAL CAFÉ and/or d/b/a | ) | |
| CHEDDAR'S SCRATCH KITCHEN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Plaintiff Lisa Agee and Defendant Cheddar's Casual Café, Inc. Joint Motion to Remand to State Court. (Doc. 9). This is a personal injury action wherein Lisa Agee alleges that she slipped and fell at a Cheddar's Casual Café ("Cheddar's") restaurant in Columbia, Missouri. (Doc. 1-2). On May 26, 2026, Ms. Agee brought suit in the Circuit Court of Boone County, Missouri against Cheddar's for negligence in causing her to slip and sustain injuries from falling. (*Id.* at 7). On June 26, 2026, Cheddar's timely filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1141, and 1446. (Doc. 1). On July 8, 2026, the parties filed a joint motion to remand this matter to state court. (Doc. 9). For the reasons that follow, the Court recommends the case be remanded to state court.

### I.      Discussion

On March 7, 2026, Ms. Agee sent a settlement demand to Cheddar's stating that she sought to recover $850,000 for her injuries in this matter. (Doc. 1 at 2; Doc. 1-3). On April 29, 2026, Cheddar's informed Ms. Agee and her counsel that it would not be making any offer to settle. (Doc. 9 at 1). On the same day, the parties viewed surveillance footage of the incident and Ms.

Agee determined that the amount her claim was worth did not exceed $75,000. (*Id.* at 1-2). Her state court petition, filed on May 26, 2026, states that Ms. Agee is seeking recovery from Cheddar's in excess of $25,000, but does not indicate a specific dollar amount. (Doc. 1-2 at 5). Ms. Agee states that the failure to state that she was not seeking more than $75,000 was an inadvertent omission that created an ambiguity which did not reflect her valuation of her claims at the time the Petition was filed. (Doc. 9 at 2). Along with the instant motion, Ms. Agee has filed a stipulation that she "does not now and will not ever seek or recover or accept any damages award greater than $75,000.00, exclusive of interest and costs, in this matter from Defendant and that she will not seek or accept a total judgment greater than $75,000.00, exclusive of interests and costs." (Doc. 9-1). On July 8, 2026, the parties filed a joint motion to remand this matter to state court. (Doc. 9). For the reasons that follow, the Court recommends the case be remanded to state court.

## A. Legal Standard

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir 2009). A federal district court may exercise removal jurisdiction only when the court would have had original jurisdiction had the action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). Federal district courts have original diversity jurisdiction over cases "between . . . citizens of different states" when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Where a plaintiff has not asked for a specific amount of damages in her state court petition, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). A plaintiff

can defeat removal by showing to a legal certainty that recovery cannot exceed $75,000. *Miller v. CEVA Logistics*, No. 07-0644-CV-W-FJD, 2008 WL 130847, at *1 (W.D. Mo. Jan. 10, 2008).

**B. The amount-in-controversy requirement for diversity jurisdiction is not met.**

Cheddar's removed this matter to federal court based on diversity jurisdiction. (Doc. 1). Ms. Agee did not specify the amount of recovery sought in her state court petition. (Doc. 1-2). In its notice of removal, Cheddar's asserted that Ms. Agee's claim exceeded $75,000 based on the settlement demand for $850,000 sent by Ms. Agee's counsel prior to the filing of the state court petition. (Doc. 1-3); *see In re Minnesota*, 346 F.3d at 834 (noting that the removing party must prove by preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount). In the time since this case was removed to federal court, Ms. Agee has executed a stipulation demonstrating that the amount in controversy is, and has been, less than $75,000, and the parties now jointly seek remand. (Doc. 9). The Court recommends a finding that the amount-in-controversy requirement for diversity jurisdiction is not met.

Missouri Rule of Civil Procedure 55.05 states that "in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority." Mo. R. Civ. P. 55.05. The Eighth Circuit has not addressed whether post-removal stipulations may be considered in deciding a motion to remand. Generally, stipulations filed after removal are ineffective unless no damages were pled initially. *Stoutenburg v. Safeco Ins. Co. of Am.*, No. 4:12-CV-00709 NAB, 2012 WL 2049395, at *1 (E.D. Mo. June 1, 2012), *report and recommendation adopted*, No. 4:12CV00709 ERW, 2012 WL 2049386 (E.D. Mo. June 6, 2012) (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3rd Cir. 1993)). "However, post-removal affidavits may be considered to the extent that they clarify, rather than amend, the original

pleading." *Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968 (W.D. Mo. Sept. 26, 2005).

In this case, Ms. Agee was prevented by Missouri law from demanding a specific amount of damages. Mo. R. Civ. P. 55.05. Ms. Agee has filed a stipulation that she "does not now and will not ever" seek or recover damages greater than $75,000. (Doc. 9-1). Ms. Agee has represented to the Court that the amount in controversy is, and has always been, less than the jurisdictional threshold. (Doc. 9 at 2). Ms. Agee's stipulation further states that in the event a judge or jury awards her more than $75,000, the parties agree that the judgment shall be reduced to $75,000. (*Id.*). The petition did not initially plead a damage amount, and the motion and stipulation clarify that since she filed her state court petition on May 26, 2026, Ms. Agee has not sought damages meeting the amount-in-controversy requirement for diversity jurisdiction. *Stoutenburg*, 2012 WL 204395, at *2 (holding that where state court petition did not plead damages and plaintiff subsequently stipulated that the damages were less than $75,000, remand was proper); *Yarovinski v. Heartland Exp. Inc. of Iowa*, No. 4:05CV1953 DDN, 2006 WL 146222, at *3 (E.D. Mo. Jan. 19, 2006) (finding that where state court petition did not plead damages, petition was ambiguous and sworn affidavit clarified true nature of damages). Accordingly, the Court finds there is a legal certainty that the amount of Ms. Agee's damages is less than $75,000 exclusive of interests and costs. *See Miller*, 2008 WL 130847, at *1; *Workman v. Kawasaki Motors Corp., U.S.A.*, 749 F. Supp. 1010, 1011 (W.D. Mo. Oct. 24, 1990) (finding plaintiff's stipulation not to seek damages above jurisdictional amount provided legal certainty that his damages could not exceed that amount). Therefore, under 28 U.S.C. § 1332, this court lacks subject matter jurisdiction over Ms. Agee's claim. Furthermore, both parties consent to the remand. (Doc. 9); *see McLauchlin v. Sight*, No. 4:16-CV-0542-DGK, 2016 WL 4077237, at *3 (W.D. Mo. Aug. 1, 2016) (granting consent

motion to remand); *Davis v. Simmons*, No. 13-CV-92-LRR, 2014 WL 3698002, at \*5 (N.D. Iowa July 24, 2014) (same). The Court accordingly recommends that Ms. Agee's case be remanded to the state court from which it was removed pursuant to 28 U.S.C. § 1447.

## II.    Conclusion

Accordingly, IT IS THEREFORE RECOMMENDED that the Joint Motion to Remand be granted, and the matter remanded to the Boone County Circuit Court.

Further, on June 26, 2026, the parties were directed to file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge assignment. As of the date of this filing, the parties have not returned the form consenting to the Magistrate Judge assignment. Accordingly, the Clerk of the Court is directed to reassign this action to a District Judge by the random selection process.

Dated this 8th day of July, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge